UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN C. CALDERON,

Plaintiff,

v.

CDCR DIRECTOR,

Defendant.

Case No. 25-cv-10787-JSC

**ORDER OF DISMISSAL**

### INTRODUCTION

Plaintiff, a California prisoner proceeding without representation by an attorney, filed this civil action with a document entitled "New Civil Action Seeking Proper Change of Jurisdiction and Venue to Preserve Justice 18 U.S.C. 3006(a)(B2)i." (ECF No. 1.) In this document, Plaintiff complained about the conditions of his confinement at R.J. Donovon Correctional Facility, including "tampering" with his food, clothing, air, and bedding. (*Id.* at 2-3.) The Clerk notified Plaintiff he needed to file a complaint and sent him a civil rights complaint form. (ECF No. 2.) Plaintiff completed and filed the form complaint, and in it he challenges the validity of his 1993 state court conviction for murder. (ECF No. 4 at 5-9.) For the reasons discussed below, this case is DISMISSED without prejudice. Plaintiff is granted leave to proceed in forma pauperis in a separate order.

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify actionable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.*

§ 1915A(b). Pleadings filed by self-represented litigants must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*; *see also Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (holing habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement). Plaintiff's claims that his conviction was unlawful may not proceed in this civil rights action under Section 1983. He must bring them in a petition for a writ of habeas corpus.

As he has previously filed a habeas petition challenging his 1993 state court conviction,

United States District Court
Northern District of California

2

however, he must first obtain authorization from the United States Court of Appeals to file a successive habeas petition.  Before a state prisoner may file a second or successive petition for a writ of habeas corpus in a federal district court, the prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Plaintiff previously challenged his 1993 murder conviction in a federal habeas petition that was dismissed with prejudice as untimely.  *See Calderon v. Bonta*, No. C 22-3487 BLF (PR) (N.D. Cal. August 16, 2023) (ECF No. 27).[1]  In light of Plaintiff's prior habeas petition, before he files another habeas petition in federal court challenging his 1993 murder conviction, he must obtain authorization from the United States Court of Appeals to file a successive habeas under 28 U.S.C. § 2244(b)(3)(A).

Plaintiff is not granted leave to file an amended complaint stating the conditions of confinement claims alleged in his original filing because, for the same reasons explained in the transfer orders in his two recent cases, venue is not proper in this district for such claims.  *See Calderon v. Perez Brothers*, No. C 25-10561 JSC (PR) (N.D. Cal.); *Calderon v. CDCR Directors, et al,* No. C 25-10696 JSC (PR) (N.D. Cal.).  When, as here, jurisdiction is not founded on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).  Plaintiff's prison, the R.J. Donovon Correctional Facility, where the allegedly unconstitutional conditions occurred, is in the venue the Southern District of California, and Defendant, the Director of the California Department of Corrections and Rehabilitation, is in the Eastern District of California.  *See* 28 U.S.C. § 84.  As explained in Plaintiff's prior case, under 28 U.S.C. § 1391(b), this means venue is proper in the Southern or Eastern Districts, but not here.  *Calderon*, No. C 25-10696 JSC (PR).

United States District Court
Northern District of California

---

[1] The United States Court of Appeals subsequently denied a certificate of appealability.  *See Calderon*, No. C 22-3487 BLF (PR) (ECF No. 37).

United States District Court
Northern District of California

**CONCLUSION**

For the above reasons, this case is DISMISSED without prejudice to Plaintiff bringing his claims challenging the validity of his conviction in a habeas petition after he has obtained authorization from the United States Court of Appeals to file a successive petition, and without prejudice to bringing his claims his claims challenging the conditions of his confinement in the district where any of the Defendants are located, the

The clerk shall enter judgments and close the files.

**IT IS SO ORDERED.**

Dated: February 27, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

4